ALFORD, Judge.
This is an appeal from a judgment of the Seventeenth Judicial District Court, Parish of Lafourche, in favor of appellee, Emmett A. Eymard, and against appellant, Helen St. Pierre Eymard Hicks, in the amount of seventeen thousand, three hundred forty dollars and ninety-three cents ($17,340.93), together with interest at the rate of ten (10%) per cent per annum from April 11, 1981. This amount represents the cash surrender value of a life insurance policy, the ownership of which is in dispute.
Appellant and appellee were divorced on December 5,1979. Trial on the partition of the community formerly existing between the parties was set for December 12, 1980. Extensive negotiations on the day of trial resulted in the parties entering into a compromise settlement. This settlement was entered as a consent judgment by the trial court on December 15, 1980. The parties having been married some thirty-two years had accumulated considerable community property, including among other assets, twelve life insurance policies. This litigation involves the ownership of the cash surrender value of one of these policies.
On April 7, 1980, a formal act of settlement was entered into between appellant and appellee. At the time this formal act of settlement was entered into there remained a dispute as to funds in the amount of twelve thousand, three hundred twenty dollars and ninety-one cents ($12,320.91). These funds represented, among other things, the cash value of two life insurance policies which appellant had redeemed. The parties agreed to escrow the funds in dispute and have the trial judge determine who was entitled to them. The trial court determined that since the policies were *1137 community property and since the settlement provided that appellee was to receive all of appellant’s half of the community in exchange for a cash sum, appellee was entitled to the cash surrender value of the policies.
Subsequent to the judgment on the es-crowed funds, appellee filed a rule to refund insurance proceeds relating to the cash surrender value of yet another life insurance policy which appellant had redeemed. By judgment dated July 26, 1982, the trial judge ruled that appellee was also entitled to the proceeds from the policy in dispute. We find nothing erroneous in this ruling. Although we do not have the trial judge’s reasons for judgment, it is apparent that he found, as he did in the dispute over the escrowed funds, that appellant had transferred her interest in the policy to appellee as part of the community property settlement. Costs of this appeal to be borne by appellant.
AFFIRMED.